Bell *v.* The State, on the Relation of Parks and Another.

BELL
v.
THE STATE.

Debt by the state, on the relation, &c., on a justice's bond against him and his surety. Plea, general performance. Replication, assigning as a breach the justice's failure to pay over money collected. Rejoinder, that the relator had recovered a judgment against the justice for the same money. *Held*, that the rejoinder was a departure. *Held*, also, that such judgment, unless satisfied, was no bar to a suit on the bond against the justice and his surety. *Held*, also, that though the justice's bond was conditioned for the payment, *on demand*, of the money collected, a general averment in the replication of non-payment *although often demanded*, was sufficient on general demurrer.

A judgment against one defendant, in an action on contract against two, is erroneous, unless there be a suggestion of "not found" as to the other.

ERROR to the *Rush* Circuit Court.

*Thursday, January 4, 1844.*

DEWEY, J.—Debt by the state, on the relation of *Parks* and another, against a justice of the peace and his surety on his official bond. The declaration is founded on the penal part of the bond. *Bell*, one of the defendants below, craved *oyer* of the bond and condition. The latter is in the usual form, for the faithful discharge, by the other defendant, *Watson*, of the duties of a justice of the peace, and for the payment over on demand of all moneys collected, &c. *Bell* pleaded, first, performance by *Watson* of all his duties as a justice of the peace, according to the condition of the bond; and, secondly, that *Watson* was not a justice of the peace. The plaintiff replied to the first plea, that the relators had recovered before *Watson*, as a justice of the peace, three certain judgments, which, at, &c., on, &c., had been paid to him, and that he, at, &c., had refused to pay the money so collected to the relators, although they and their agent had often demanded it of him. The defendant, *Bell*, rejoined, that the relators had sued *Watson* for the same money named in the replication, and had recovered a judgment against him for it. The plaintiff demurred, and assigned for causes of demurrer, among others, that the rejoinder was a departure from the plea; and that it did not aver that the judgment recovered by the relators against *Watson* was satisfied. The Court sustained the demurrer. Damages were assessed, and a final judgment was rendered for the plaintiff. There was no appearance by *Watson*, nor a return of not found as to him suggested.

The decision upon the demurrer is right. The rejoinder is clearly a departure from the plea. The plea alleges performance by Watson of all his duties as a justice of the peace according to the condition of the bond ; but the rejoinder admits a failure in the discharge of his duty in not paying over money collected by him, and places the defence on new ground, which is, that the relators had recovered a judgment against Watson for the same money demanded in this cause.

We are of opinion, too, that the rejoinder is substantially bad for the other cause of demurrer, that is, because it does not aver satisfaction of the judgment recovered by the relators against Watson. We do not think that an unsatisfied judgment against a justice of the peace, recovered by an individual in consequence of some failure on the part of the justice in the discharge of his duty, is a bar to an action on his bond against him and his sureties, though the merits of the first action are involved in the second. The remedies are concurrent, and both may be pursued until one satisfaction be obtained.

The plaintiff in error contends that the replication is bad, for not averring a special demand on the justice to pay the money collected by him, his bond requiring him to pay only on demand. In Bowdell v. Parsons, 10 East, 359, which was an action of assumpsit on a promise to deliver hay to the plaintiff on request, the breach assigned was, that the defendant, although often requested by the plaintiff to deliver the hay, had refused to do so. The Court held that the omission to state the time and place of making the request, (there being a venue laid in a preceding part of the declaration) was matter of form, and could be reached only by a special demurrer. The decision was founded upon the statute of Anne, which enacts, " that in all cases where any demurrer shall be joined, &c., the judges shall proceed and give judgment according as the very right of the cause and matter in law shall appear unto them, without regarding any imperfection, omission, or defect in any writ, &c., declaration, or other pleading, &c., except only those which the party demurring shall specially and particularly set down and express as cause of demurrer," &c. The thirty-third section of our practice act contains a similar provision ; R. S. 1838, p. 452 ; and we

think its effect is to cure the formal defect of omitting the time and place of making the request. The request itself is alleged, and that, too, immediately after an averment, containing both venue and time, that the justice had received the money.

There was, however, an error committed in rendering judgment against one of the defendants, without there being a suggestion of not found as to the other. This must reverse the judgment. And it should be remarked that the second plea was entirely overlooked. It stands unanswered.

*Per Curiam.*—The judgment is reversed at the costs of the relators. Cause remanded, &c.

*J. S. Newman* and *G. B. Tingley*, for the plaintiff.

*R. S. Cox* and *P. A. Hackleman*, for the defendant.